JOHN F. PROCTOR

*vs.*

THE MAINE CENTRAL RAILROAD COMPANY.

Cumberland.    Opinion March 1, 1905.

*Adverse Possession.    Constructive Occupation.*

Where a grantor conveyed a parcel of land to which he had the title, and
the deed contained a grant of another parcel to which he had no title, and
his grantee occupied only that parcel to which he had obtained the title,
although he also *claimed* the other parcel, this does not operate as a dis-
seizin of the owner of the parcel to which the grantee had not obtained
the title unless the grantee actually entered upon and occupied the same.

Occupation by one of land which he owns cannot be regarded as construc-
tive occupation of that to which he had no title.

To constitute adverse possession such as will work a disseizin of the lawful
owner, there must be actual possession and occupancy of the premises
adversely for the requisite period.

See *Same* v. *Same*, 96 Maine, 458.

On motion and exceptions by plaintiff. Exceptions sustained,
motion not considered.

Real action.    Plea, nul disseizin.

Verdict for defendant.

The case sufficiently appears in the opinion.

*Charles P. Mattocks,    W. K. and A. E. Neal,* for plaintiff.

*J. W. Symonds, David W. Snow, Charles Sumner Cook and Charles
L. Hutchinson,* for defendant.

SITTING:   WISWELL, C. J., EMERY, WHITEHOUSE, STROUT,
POWERS, JJ.

STROUT, J.    This is a real action to recover possession of two
parcels of land, mostly flats, on Fore river, Portland. The title to
both is in the plaintiff, unless title thereto has been acquired by
adverse possession of defendant and those under whom it claims.

Defendant introduced a deed from David A. Crosswell to Frederick W. Clark, dated January 9, 1852, conveying a piece of upland running to the Cumberland and Oxford canal, adjacent to the flats in controversy. The title to this lot was then in Crosswell, and passed by this deed to Clark. The deed also contained another grant,— "also all of said lot west of said canal to Fore river, including that part covered by said canal." This last description includes the land in controversy, but it was not owned by Crosswell at the date of his deed. The defendant now holds the title which Clark acquired under the Crosswell deed, and also all title to the flats, if any, which Clark may have acquired by adverse possession. Notwithstanding Clark acquired no title to the flats in controversy under his deed, defendant claimed that he did acquire title thereto by adverse possession from January 9, 1852, the date of his deed, to December 14, 1885, when he conveyed to Rollins, who subsequently conveyed to defendant, and that the adverse possession of Clark was continued and maintained without interruption by his grantees and the defendant.

Upon this question the presiding Justice instructed the jury that "if under that deed he (Clark) entered into the possession of the territory described in that deed, claiming to own it to the full boundaries of the deed, and continued an occupation for twenty years or more, which was open and notorious and adverse and exclusive and uninterrupted, of the territory that he had actually occupied, then by force of law the jury would have a right to say that his occupation extended to the boundaries that his deed included,—that is, if the deed covered the flats, it would extend to the flats. But that would only be true in case he claimed adversely, and the boundaries in the deed would not extend it beyond what he actually claimed. It would extend the constructive possession, but it does not extend the claim itself."

"You may consider whether having a deed which embraced the flats, he claimed them or not. If he didn't claim the flats, of course he wouldn't get any title to them, no matter how long the possession might be, but if he claimed to the full extent of his deed, and occupied adversely some portion of it, then the jury have a right to

consider whether he didn't intend his occupation to include the whole. If he occupied part, intending to claim the whole, then the boundaries of that deed would mark the extent of his right."

If Clark ever occupied any part of the land covered by that deed and "claimed to own, or claimed to hold to the limits of his deed and so claiming occupied for twenty years, under such circumstances as would be adverse and open, notorious, exclusive, and uninterrupted, it would work a constructive possession to the boundaries of the deed." The case is here on exception to these instructions.

It may be that under some state of facts, as, for instance, if the grantor of Clark had no title to any part of the land attempted to be granted, and a third party in fact owned it all, the instructions would be appropriate. But, applied to the facts in this case, they were erroneous. They authorized the jury to find that if Clark occupied only that part of the land described in the deed to which he had undoubted title, claiming all that was described in the deed, it operated a disseizin of the owner of the flats, even if Clark never in fact entered upon and occupied them. Title to the flats by adverse possession could only be acquired by actual possession and occupation of them for the requisite period. The instructions did not require this.

Occupation by Clark and his successors of the land which he and they owned cannot be regarded as constructive occupation of that to which they had no title. Such occupation cannot be regarded as notice of claim to the flats to their owner, and afforded him no ground of complaint. *Walsh* v. *Wheelwright,* 96 Maine, 174, is a case in point.

*Exceptions sustained.*